STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
Wendy T. Wu (CA SBN 242075)
Assistant United States Attorney
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0619
     Facsimile: (213) 894-8601
     Email:     Wendy.Wu@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 13-917-DMG-2 |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| HUNTER MOORE and CHARLES EVENS,    aka "Gary," | |
| Defendants. | CURRENT TRIAL DATE:   May 26, 2015, 8:30 a.m.<br>[PROPOSED] TRIAL DATE:   July 14, 2015, 8:30 a.m.<br><br>[PROPOSED] STATUS CONFERENCE:   July 1, 2015, 1:30 p.m. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Wendy T. Wu, and defendant Charles Evens, both individually and by and through his counsel of record, Deputy Federal Public Defender Jill Ginstling, hereby stipulate as follows:

1. The Indictment in this case was filed on December 20, 2013. Defendant Evens first appeared before a judicial officer of

the court in which the charges in this case were pending on January 23, 2014.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before April 3, 2014.  On January 23, 2014, the Court set a trial date of March 25, 2014, and a status conference date of March 12, 2014.

  2. Defendant is released on bond pending trial.

  3. The parties estimate that the trial in this matter will last approximately four days.

  4. The Court has previously continued the trial date from March 25, 2014, to May 26, 2015, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

  5. By this stipulation, the parties move to continue the trial date to July 14, 2015, and the status conference to July 1, 2015, at 1:30 p.m.  This is the fifth request for a continuance.

  6. The parties request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged with violations of 18 U.S.C. § 371: Conspiracy; 18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(i): Unauthorized Access to a Protected Computer to Obtain Information; 18 U.S.C. § 1028A: Aggravated Identity Theft; and 18 U.S.C. § 2: Aiding and Abetting and Causing an Act To Be Done.  The government has produced discovery to the defense, including approximately 1,200 pages consisting of law enforcement investigative reports, federal search warrants, emails, bank records, and other documents.  The government has also produced recorded statements made by defendants during interviews with the Federal Bureau of Investigation ("FBI").

The government has additionally produced a large volume of electronic data, including records from Internet Service Providers. The government also has made available for inspection the digital devices seized pursuant to search warrants.

  b. On or about January 21, 2015, the government produced additional discovery recently received from the California Attorney General's Office, consisting of approximately 300 MB of electronic records.

  c. Defense counsel may retain computer experts to analyze the digital data and evidence seized in the case.

  d. Defense counsel is scheduled to be out of the office from June 1-4, 2015, and from June 22-26, 2015.

  e. Government counsel is scheduled for trial starting on May 26, 2015, in <u>U.S. v. Bonnie Jean Warren</u>, CR No. 11-48-SVW, which is expected to last approximately three days.

  f. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny her reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  g. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

        h.    The government does not object to the continuance.

        i.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

    7.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of March 24, 2014, to May 26, 2015, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    8.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of

///

///

additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: May 20, 2015              STEPHANIE YONEKURA
                                 Acting United States Attorney

                                 ROBERT E. DUGDALE
                                 Assistant United States Attorney
                                 Chief, Criminal Division

                                 /s/ Wendy Wu
                                 WENDY U. WU
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA


   I am CHARLES EVENS' attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than July 14, 2015, is an informed and voluntary one.

_____      _____
JILL GINSTLING                         Date
Deputy Federal Public Defender
Attorney for Defendant
CHARLES EVENS


   I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than July 14, 2015.  I

additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: May 20, 2015

STEPHANIE YONEKURA
Acting United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

/s/ Wendy Wu
WENDY J. WU
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am CHARLES EVENS' attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than July 14, 2015, is an informed and voluntary one.

/s/ Jill Ginstling                              5/21/15
JILL GINSTLING                                  Date
Deputy Federal Public Defender
Attorney for Defendant
CHARLES EVENS

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than July 14, 2015. I

understand that I will be ordered to appear in Courtroom 7 of the Federal Courthouse, 312 North Spring Street, Los Angeles, California, for the pretrial conference on July 1, 2015, at 1:30 p.m., and for trial on July 14, 2015, at 8:30 a.m.

_____     5/21/15
CHARLES EVENS                      _____
Defendant                          Date